UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROOSEVELT LESHAWN WILLIAMS,

        Plaintiff,                         Case No. 2:08-cv-36

v.                                                 Honorable Robert Holmes Bell

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Roosevelt Leshawn Williams #541415, an inmate at the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Corrections Officer Unknown Bernhardt, hearing officer Unknown Theut, and Grievance Coordinator M. McLean.

Plaintiff alleges in his complaint that Defendant Caruso authorized Administrative Rule 791.5501, which interferes with the religious practice of inmates. Plaintiff further claims that Defendant Bernhardt prevented him from going to religious services on December 7, 2007. Plaintiff also claims that Defendant Theut applied "inappropriate punishment." Plaintiff states that Defendant McLean refused to supply him with a grievance form after he complied with "Modified Access" rules and informed Defendant McLean that he had a grievable issue. Plaintiff seeks damages, as well as declaratory relief.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The undersigned notes that Plaintiff's complaint is somewhat garbled and entirely conclusory, with few specific factual allegations. However, it appears from the attachments to Plaintiff's complaint that he was placed on "top lock" on November 30, 2007, after he was seen in the Marquette lobby without staff authorization. When Plaintiff was asked where he had been, he replied "services." However, because prisoners on top lock status are not allowed to go to religious services, Plaintiff was found guilty of being out of place. At the time of the incident, Plaintiff was serving a disciplinary sanction pursuant to Administrative Rule 791.5501, which governs major and minor misconducts, as well as the disposition of contraband.

Plaintiff appears to be claiming that he should have been allowed to attend religious services while on top lock. According to the major misconduct report which Plaintiff has attached to his complaint, he was on top lock from November 28, 2007, until December 1, 2007. Prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972). However, Plaintiff fails to allege how the asserted infringement of being unable to attend services for a period of five days prevented him from exercising his religious beliefs. Therefore, the undersigned recommends dismissal of this claim.

As noted above, Plaintiff claims that Defendant McLean violated his rights when he did not provide him with a grievance form. However, adoption of a prisoner grievance procedure is not mandatory under 42 U.S.C. § 1997e(b)(1). *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). Nor does the Constitution create an entitlement to grievance procedures "or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). Moreover, a Michigan state prisoner's right to use the grievance procedure is not derived from mandatory language in a regulation, nor does placement on modified grievance access constitute an "atypical and significant hardship" on a prisoner. *Sandin v. Conner*,

515 U.S. 472, 484 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).  Therefore, the undersigned recommends dismissal of this claim.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

  /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   April 17, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).