UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROOSEVELT LESHAWN WILLIAMS,

        Plaintiff,

                              File No. 2:08-CV-36

v.

                              HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
                                        /

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

On April 17, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Roosevelt Leshawn Williams's 42 U.S.C. § 1983 civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. (Dkt. No. 6, R&R.)  Plaintiff filed objections to the report and recommendation and a motion to amend on April 30, 2008.  (Dkt. No. 7, Obj. to R&R; Dkt. No. 8, Mot. to Am.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the R&R because he contends that a complaint should not be

dismissed merely because the court thinks that it will be ultimately unsuccessful or because it is not detailed enough.

Plaintiff's objections are not responsive to the R&R.  The R&R recommends dismissal of the complaint because it fails to state a claim on which relief can be granted, not because it lacks factual detail or because Plaintiff is not likely to succeed on the merits. Upon review the Court is satisfied that the R&R has correctly addressed the applicable law and has appropriately recommended that Plaintiff's complaint be dismissed for failure to state a claim.

In his motion to amend Plaintiff requests permission to add the following:

> Violation of the Equal Protection Clause: and Due Process of Rights Violation of 42 U.S.C. Sec 2000cc and the Violation of 42 U.S.C. Sec 2000dd.  Along with a few other Constitutional Rights.

(Mot to Am. 1.)  Courts should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In order to determine whether "justice so requires" the court must have before it the substance of the proposed amendment.  *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).  Plaintiff's motion to amend does not allege any facts nor does it articulate the basis of his claims.  Plaintiff has not convinced the Court that justice will be served by granting leave to amend.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 7) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Dkt. No. 8) is

**DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: August 12, 2008 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE